OPINION
Gregorio Lopez is appealing from the sentences imposed upon him following a plea agreement in which he pled guilty to trafficking in crack cocaine in an amount exceeding one gram (a felony of the fourth degree), which had been reduced by the State from an indicted charge of trafficking in an amount exceeding five grams (a felony of the third degree), together with a guilty plea to a charge of possession of crack cocaine (a fourth degree felony) and, in a companion case, a plea of guilty of failure to appear. As part of the plea bargain, four other charges were dismissed.
As evidenced by the transcript of the plea and disposition hearing, Mr. Lopez understood the plea agreement and further agreed to a total four year prison sentence as a combination of eighteen months for the trafficking charge, eighteen months for the possession charge, and one year for the failure to appear charge. This plea agreement, including the agreed upon penalties, was reduced to writing and signed by Mr. Lopez, his counsel, and the prosecuting attorney. Docket 11.
Mr. Lopez, acting pro se, ultimately moved for leave to file a delayed appeal, which this court granted and appointed him counsel. His appointed counsel filed an Anders brief pointing out that R.C. 2953.08(D) states that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, is recommended jointly by defendant and prosecution in the case, and is imposed by a sentencing judge." It is clear from the record that all of the elements of this section are present in this case.
On September 24, 2001, we notified Mr. Lopez of the filing of theAnders brief by his appointed counsel and granted him sixty days to file a pro se brief if he wished. He did indeed file a timely pro se brief in which he raised the following four assignments of error:
 1. THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE IN CRIMINAL CASE NUMBER 99CR621 ON COUNT 1 AND COUNT 2 OF DRUG TRAFFICKING AND DRUG POSSESSION RESPECTFULLY BOTH FELONIES OF THE FOURTH DEGREE. (SEE TRANSCRIPT OF PROCEEDINGS PAGE 7 LINES 5 THROUGH 24).
 2. THE TRIAL COURT ERRED WHEN IMPOSING THE MAXIMUM CONSECUTIVE SENTENCE AS SAID SENTENCE EXCEEDS THE MAXIMUM TERM PROVIDED UNDER DIVISION (A) OF SECTION 2929.14 OF THE OHIO REVISED CODE FOR THE MOST SERIOUS OFFENSE THAT THE DEFENDANT WAS CONVICTED. NO SPECIFIC REASONS WERE GIVEN (SEE TRANSCRIPT OF PROCEEDINGS PAGE 13 LINES 14 THROUGH 17).
 3. THE TRIAL COURT ERRED WHEN IT FAILED TO SPECIFY DURING SENTENCING THOSE FACTORS FOUND WITHIN DIVISION (B) OF SECTION 2929.13 OF THE OHIO REVISED CODE IN STATING THAT A PRISON TERM WAS NECESSARY FOR FELONIES OF THE FOURTH DEGREE (SEE TRANSCRIPT OF PROCEEDINGS PAGE 7, LINES 5 THROUGH 24).
 4. THE TRIAL COURT ERRED WHEN IMPOSING A MANDATORY ONE YEAR SENTENCE FOR VIOLATIONS OF SECTION 2937.99
DIVISION (B) OF THE OHIO REVISED CODE CONTRARY WITH THE STATUTE CITED. SECTION 2937.99(B) OF THE OHIO REVISED CODE CONSIDERS A THIRD DEGREE FELONY AS ONE WHICH CARRIES MANDATORY TIME AS PREVIOUSLY CITED BY THE TRIAL COURT. (SEE TRANSCRIPT OF PROCEEDINGS PAGE 4, LINES 15 THROUGH 17, THIS SENTENCE IS CONTRARY TO LAW).
 In his argument, Mr. Lopez states that his sentences were not valid because the trial court did not give the reasons for them or make findings under the statute to support them. He refers to R.C. 2953.08(A) as granting a defendant who pleads guilty to a felony the right to appeal as a matter of right the sentence imposed upon the defendant on certain grounds, which Mr. Lopez in this case cites. Mr. Lopez, however, ignores a statement in that section which states that "except as provided in division (D) of this section," and division D is the one cited by his appointed counsel in her Anders brief as a bargained for sentence not being allowed an appeal if it is authorized by law and is imposed by the sentencing judge. This bar to an appeal has been upheld even when a sentencing court fails to address a possible defect in the sentence, e.g., a possible merger as to whether the defendant committed allied offenses of similar import. State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524.
None of the arguments presented by Mr. Lopez can overcome the flat statutory bar to an appeal from a sentence that is within the law, has been agreed to by the defendant and counsel for both parties, and is duly imposed by the sentencing judge. Furthermore, we find under the terms of the signed plea agreement and the transcript of the hearing, the defendant was fully informed of the rights he was waiving by entering his plea of guilty to the various charges, and that his negotiated plea, by which he gained the advantage of a substantial reduced total sentence from that which could have been imposed, was knowing and voluntary.
The four assignments of error are overruled, and the judgment is affirmed.
WOLFF, P.J. and BROGAN, J., concur.